IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. JAGER and MARGARET M. JAGER, <br><br> Appellants, <br><br> vs. <br><br> INFIRST BANK and NORMA HILDENBRAND, <br><br> Appellees. | Civil Action No. 3:19-cv-42 <br> Judge Stephanie L. Haines |

## **MEMORANDUM and ORDER OF COURT**

This case is before the Court on appeal from an interlocutory order of the United States Bankruptcy Court for the Western District of Pennsylvania. That order, entered on February 13, 2019, by Bankruptcy Judge Jeffery A. Deller, denied Appellants relief from a previous order of the bankruptcy court that lifted an automatic stay authorized under 11 U.S.C. § 362(a) relating to Appellants encumbered real property. *In re Jager*, 597 B.R. 796 (Bankr. W.D.Pa. 2019). By order of The Honorable Kim R. Gibson[1] entered on July 10, 2019, this appeal was stayed pending additional proceedings in the underlying bankruptcy matter.

On September 5, 2019, the Bankruptcy Court entered an order dismissing the underlying bankruptcy case with prejudice [Doc. 187 at Bankr. No. 18-760541-JAD]. Appellants' motion for reconsideration of that order was denied by Judge Deller on November 25, 2019 [Doc. 214 at Bankr. No. 18-760541-JAD].

On December 4, 2019,[2] Appellants filed in this Court a motion for an emergency stay of

---

[1] On October 25, 2019, this case was reassigned to this member of the Court [Doc. 14].

[2] Although Judge Deller's order was entered on November 25, 2019, the Court did not receive Appellants' emergency motion until nine days later on December 4, 2019, the day prior to

1

the sheriff's sale of the subject property that is scheduled for December 5, 2019, in Clearfield County, pending appeal of the Bankruptcy Court's order denying Appellants' motion for reconsideration of the order dismissing his bankruptcy case with prejudice [Doc. 15].

Because Appellants' underlying bankruptcy case has been dismissed with prejudice, their appeal from the interlocutory order lifting the automatic stay in that case will be dismissed as moot, and this case will be closed. Moreover, because Appellants' motion for an emergency stay is not properly before the Court, it will be denied.

**I. Background**

On January 31, 2012, Appellant Margaret M. Jager executed a commercial promissory note whereby Appellee InFirst Bank agreed to lend to Ms. Jager the sum of $300,000 for the purchase of real property. [Doc. 110, p. 2 at Bankr. No. 18-760541-JAD]. To secure the loan, Mrs. Jager granted to InFirst Bank a mortgage on certain real property and improvements [*Id.*]. The property is an approximately 55-acre tract of land comprised of two separate tax parcels with several buildings, including a two-story farmhouse, a two-bedroom ranch-style house and a barn [*Id.*].

On September 15, 2015, the Pennsylvania Department of Environmental Protection ("PA DEP") issued an order requiring that action be taken with respect to approximately 400 tons of manure located on the property [*Id.*]. Additional orders were entered by the Commonwealth Court of Pennsylvania on July 27, 2016, and February 1, 2017, directing that remediation occur [*Id.*]. The February 1 order also found Appellants in contempt of their court-ordered responsibilities [*Id.*].

On June 26, 2015, InFirst Bank confessed judgment against Mrs. Jager [*Id.*]. On November 3, 2016, Mrs. Jager married Mr. Jager, and on November 18, 2016, Mrs. Jager transferred the

---

the scheduled sheriff's sale. The motion was entered on the record at 3:42 p.m. on December 4.

property to herself and Mr. Jager as tenants by the entireties [*Id.*]. InFirst Bank subsequently sought to execute judgment by scheduling a sheriff's sale, which was enjoined by Mrs. Jager's filing of a chapter 7 bankruptcy case in the United States Bankruptcy Court for the Eastern District of New York [*Id.*]. On May 25, 2018, InFirst Bank was granted relief from the automatic stay by the New York Bankruptcy Court, and a sheriff's sale was scheduled for August 2, 2018 [*Id.* at 3].

On July 30, 2018, Appellants commenced the underlying chapter 11 bankruptcy proceeding in the Western District of Pennsylvania Bankruptcy Court. Following an evidentiary hearing, Judge Deller entered an order lifting the automatic stay as to the subject property under 11 U.S.C. § 362 [Doc. 79 at Bankr. No. 18-760541-JAD]. Appellants filed a motion for reconsideration. Following another hearing, Judge Deller denied the motion for reconsideration on February 13, 2019 [Doc. 110 at Bankr. No. 18-760541-JAD]. Appellants then filed the pending appeal from that interlocutory order with this Court.

On June 28, 2019, a hearing was held before Judge Deller in the underlying bankruptcy matter. On July 2, 2019, Judge Deller granted Appellants sixty days to remediate certain environmental issues identified by the PA DEP [Doc. 166 at Bankr. No. 18-70541-JAD]. Appellants were advised that if the PA DEP determined that they had failed to remediate the issues, Appellants' underlying bankruptcy case would be dismissed with prejudice [*Id.*]. In light of Judge Deller's order, Judge Gibson stayed the pending appeal from the interlocutory order on July 10, 2019 [Doc. 12].

On September 5, 2019, Judge Deller entered an order dismissing the underlying bankruptcy case with prejudice based on Appellants' failure to completely remediate the environmental issues as required by the July 2, 2019, order [Doc. 187 at Bankr. No. 18-70541-JAD]. A hearing on Appellants' motion to reconsider that order was held on November 15, 2019, following which

3

Judge Deller denied the motion on November 25, 2019 [Doc. 214 at Bankr. No. 18-70541-JAD].

## II. Analysis

### A. Interlocutory Appeal

This case is before the Court solely upon appeal of the interlocutory order of the bankruptcy court denying Appellants relief from a prior order lifting the automatic stay relating to the subject property. By statute, district courts are granted jurisdiction to hear appeals from interlocutory orders of bankruptcy judges with leave of court, 18 U.S.C. § 158(a)(3), and an order lifting the statutory automatic stay dictated by § 362(a) in bankruptcy cases is appealable. *See U.S. v. Nicolet, Inc.*, 857 F.3d 202, 203 (3d Cir. 1988).

Under the bankruptcy code, § 362(a) stays both the commencement and the continuation of all actions and proceedings, including judicial proceedings, against the debtor, as well as the enforcement of a prepetition judgment against the debtor, any act to obtain possession of property from the estate or to exercise control over property of the estate, and any act to collect or recover a prepetition claim against the debtor. *See I.C.C. v. Holmes Transp., Inc.*, 931 F.2d 984, 987 (1st Cir. 1991). The automatic stay is designed to affect an immediate freeze of the status quo at the outset of the chapter 11 proceedings. *Id.*

Here, after a hearing, Judge Deller lifted the automatic stay imposed under § 362(a) and subsequently denied Appellants' motion to reconsider that decision following a second hearing. Appellants then appealed that specific interlocutory order to this Court seeking to have the stay reactivated during the pendency of the bankruptcy proceedings.

Importantly, however, pursuant to § 362(c)(2) the automatic stay imposed under § 362(a) remains in effect only until the bankruptcy case is closed or dismissed, or a discharge is entered or denied. *In Re Smith*, 192 B.R. 397, 399 (Bankr. W.D.Pa. 1996); *see also I.C.C.* at 987 (automatic

stay is activated immediately on filing of voluntary Chapter 11 petition and remains in effect either until entry of order granting or denying discharge or closing or dismissing Chapter 11 case, or until entry of order granting relief from stay). Thus, the dismissal of a bankruptcy case results in the lifting of the automatic stay entered at the start of bankruptcy, exposing the debtor to creditors' legal actions and collection efforts. *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1693 (2015).

Here, Appellants are seeking relief from the order of the bankruptcy court lifting the automatic stay under § 362(a). However, the statutory automatic stay necessarily would have expired in any event upon the dismissal with prejudice of the underlying bankruptcy proceedings. Thus, there is no relief this Court can grant from the interlocutory order from which Appellants appealed, and this case is now moot. *See Goldsmith v. Winnecour*, 485 B.R. 522, 527 (W.D. Pa. 2013) (when bankruptcy case was dismissed, court was powerless to afford relief relating to the lifting of stays and appeals were dismissed as moot); *see also In re Ponton*, 446 Fed. Appx. 427, 429 (3d Cir. 2011) ("it would serve no purpose for us to determine whether the Bankruptcy Court properly lifted the automatic stay now that there is no bankruptcy proceeding whatsoever in which to ground a stay . . . even if the Bankruptcy Court's lifting of the stay was somehow erroneous, we could not redress it now that an order of dismissal . . . has been entered.").

Because the underlying bankruptcy case has been dismissed, the issue of whether the bankruptcy court erred in lifting the automatic stay is moot. Accordingly, Appellants' appeal from the bankruptcy court's interlocutory order will be dismissed.

**B. Motion for Stay**

Also pending is Appellants' motion for an emergency stay of Judge Deller's November 25, 2019, order denying relief from his prior order dismissing the underlying bankruptcy case with prejudice. Appellants also seek a stay of the sheriff's sale scheduled for December 5, 2019, in

Clearfield County. This motion is not properly before the Court and will be denied.

Although Rule 8007 of the Federal Rules of Bankruptcy Procedure allows a party to stay the effect of a bankruptcy court order pending an appeal, Appellants have not appealed from the final order of Judge Deller dismissing the bankruptcy case. Pursuant to Rule 8003(a), an appeal from a bankruptcy judgment may be taken only by filing a notice of appeal with the bankruptcy clerk within 14 days after entry of the judgment being appealed. The notice of appeal must conform to the appropriate official form, must be accompanied by the judgment being appealed and must be accompanied by the prescribed fee. Rule 8003(a)(3).

As of the signing of this Order, Appellants have not filed a notice of appeal from the final judgment of Judge Deller dismissing the bankruptcy proceeding. Accordingly, this Court has no jurisdiction over Appellants' motion. Although Appellants previously perfected an appeal from the interlocutory order of Judge Deller lifting the stay pursuant to Rule 8004 of the Federal Rules of Bankruptcy Procedure applicable to appeals by leave of court, the Court no longer has jurisdiction of that moot appeal in light of the dismissal of the underlying bankruptcy proceedings. Thus, in the absence of the filing of a notice of appeal from that order, and the opening of a new case in this Court, the Court has no authority to grant a stay under Rule 8007.

Moreover, pursuant to Rule 8007(1), a party seeking a stay of a bankruptcy court judgment, order or decree pending appeal generally must first move for a stay in the bankruptcy court. Although a movant may under certain circumstances may make a motion for stay in the district court where an appeal from the judgment is pending, *see* Rule 8007(b)(1), this provision is of no avail to Appellants. First, there is no pending appeal in this Court from the final judgment order of the bankruptcy case dismissing with prejudice the underlying proceedings. Second, a movant seeking to file a motion for stay in a district court must make a preliminary showing that first

moving for a stay in the bankruptcy court would be impracticable. Fed. R. Bankr. P. 8007(b)(2). Appellants have made no such showing here.

Finally, the Court would note that Appellants have cited no authority by which this Court could stay the sheriff's sale in Clearfield County. As already discussed, automatic stays to proceedings as provided under § 362(a) are effective only until the underlying bankruptcy case is closed or dismissed, or a discharge is entered or denied. *In Re Smith*, 192 B.R. at 399. Here, the underlying bankruptcy case has been dismissed and there is no longer any statutory basis by which this Court would have the power to stay "any act to obtain possession of property from the estate or to exercise control over property of the estate." Accordingly, Appellants' motion for an emergency stay of the sheriff's sale is denied.

## ORDER

AND NOW, this 5th day of December, 2019, IT IS HEREBY ORDERED that Appellants' appeal from the bankruptcy court's interlocutory order lifting the automatic stay in the underlying bankruptcy proceedings hereby is **DISMISSED** as moot in light of the dismissal with prejudice of those underlying proceedings. The Clerk of Court is directed to close this case.

Moreover, upon due consideration of Appellants' motion for an emergency stay pending appeal, IT IS FURTHER ORDERED that Appellants' motion [Doc. 15] hereby is **DENIED**.

Stephanie L. Haines
United States District Judge